IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KRISTEN NICOLE KAVANAY                                                      PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:14cv525-FKB

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION                                                     DEFENDANT

## ORDER

Kristen Nicole Kavanay filed for supplemental security income on February 17, 2011. After her application was denied both initially and upon reconsideration, she requested and was granted a hearing before an ALJ. The hearing was held on January 9, 2013, and on February 22, 2013, the ALJ issued a decision finding that Kavanay is not disabled. The appeals council denied review. She now brings this appeal pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Having considered the memoranda of the parties and the administrative record, the Court concludes that the decision of the Commissioner should be affirmed.

Kavanay was born on May 20, 1988, and was 24 years of age at the time of the decision of the ALJ. She has a GED and no past relevant work experience. Kavanay has a history of polysubstance abuse, depression, and anxiety disorder, and she has received inpatient rehabilitation therapy for her substance abuse. She has undergone cryosurgery for cervical cancer. Kavanay is HIV positive, for which she receives highly active antiretroviral therapy (HAART) treatment, and she has hepatitis C. At the hearing, she testified that she also suffers panic attacks and that her HAART treatment causes fatigue, vomiting, and diarrhea.           .

In his decision, the ALJ worked through the familiar sequential evaluation process for determining disability.[1] He found that Kavanay has the severe impairments of mood disorder, depression, and HIV.  R. 16, [14] at 20.   At step three, the ALJ determined that Kavanay does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  R. 16-18, [14] at 20-22.  The ALJ determined that Kavanay has the residual functional capacity (RFC) to perform light work as defined by 20 C.F.R. § 416.967(b), with the following limitations:  She is limited to work involving only simple, routine, repetitive tasks in a low-stress work environment, can have no confrontation with coworkers or the public, cannot perform timed production work, and should work with objects rather than with people.  R. 18, [14] at 22.  The ALJ considered Kavanay's subjective allegations of limitations but found that they were not fully credible in light of the lack of supporting objective evidence.  *Id.*  At step five, the ALJ found, based upon

---

[1] In evaluating a disability claim, the ALJ is to engage in a five-step sequential process, making the following determinations:

    (1)    whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);

    (2)    whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);

    (3)    whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);

    (4)    whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and

    (5)    whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. § 416.920.  The analysis ends at the point at which a finding of disability or non-disability is required.  The burden to prove disability rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

the testimony of a vocational expert, that Kavanay was capable of performing the jobs of salad maker (DOT 317.684-014), motel maid (DOT 323.687-014), and counter attendant (DOT 311.477-014), and that these jobs exist in significant numbers. R. 23, [14] at 27. The ALJ therefore determined that Kavanay is not disabled. *Id.*

 Kavanay does not contest the findings of the ALJ at any of the first four steps of the sequential analysis. Her sole argument is directed toward the ALJ's finding at step five and relates to the testimony of the vocational expert. At the hearing, the ALJ posed the following hypothetical to the VE: An individual 24 years of age, with a GED, and able to perform light work with the following limitations: She is limited to work involving only simple, routine, repetitive tasks in a low-stress work environment where she is not likely to have confrontation with coworkers, with receiving supervision, or with the public, cannot perform timed production work, and should work with objects rather than with people, and where any changes to the work routine are of a gradual nature. R. 69, [14] at 73. The VE responded that there would be numerous jobs in the national economy that such a person could perform, and he gave as examples the jobs of salad maker (DOT 317.684-014), motel maid (DOT 323.687-014), and counter attendant (DOT 311.477-014). R. 71, [14] at 75. It was this testimony upon which the ALJ relied in reaching his decision at step five.

 Kavanay argues that the VE's testimony that a person having Kavanay's RFC could perform the jobs identified is not consistent with the descriptions of these jobs in the *Dictionary of Occupational Titles* (DOT). She contends that all three jobs as described require interaction with coworkers and the public. She further argues that the

3

job of salad maker as described in the DOT is a high stress job that requires the worker to meet production demands. Similarly, Kavanay argues that the job of hotel maid would obviously include a requirement that the worker meet specific time demands, and that for this reason, the VE's testimony that she can perform this job is inconsistent with the DOT.[2]

There is clearly no direct or obvious conflict between the testimony of the VE and the job descriptions. None of the descriptions indicates that the job is high stress,

---

[2] The DOT descriptions for these jobs are as follows:

317.684-014 PANTRY GOODS MAKER (hotel & rest.):  Prepares salads, appetizers, sandwich fillings, and other cold dishes: Washes, peels, slices, and mixes vegetables, fruits, or other ingredients for salads, cold plates, and garnishes. Carves and slices meats and cheese. Portions and arranges food on serving dishes. Prepares fruit or seafood cocktails and hors d'oeuvres. Measures and mixes ingredients to make salad dressings, cocktail sauces, gelatin salads, cold desserts, and waffles, following recipes. Makes sandwiches to order [SANDWICH MAKER (hotel & rest.) 317.664-010]. Brews tea and coffee [COFFEE MAKER (hotel & rest.) 317.684-010]. Prepares breakfast and dessert fruits, such as melons, grapefruit, and bananas. Portions fruit sauces and juices. Distributes food to waiters/waitresses to serve to customers. May serve food to customers. May be designated Salad Maker (hotel & rest.) when specializing in making salads.
GOE: 05.10.08 STRENGTH: L GED: R3 M2 L2 SVP: 4 DLU: 81.

323.687-014 CLEANER, HOUSEKEEPING (any industry) alternate titles: maid:  Cleans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of following duties: Sorts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets. Performs other duties as described under CLEANER (any industry) I Master Title. May be designated according to type of establishment cleaned as Beauty Parlor Cleaner (personal ser.); Motel Cleaner (hotel & rest.); or according to area cleaned as Sleeping Room Cleaner (hotel & rest.).
GOE: 05.12.18 STRENGTH: L GED: R1 M1 L1 SVP: 2 DLU: 86.

311.477-014 COUNTER ATTENDANT, LUNCHROOM OR COFFEE SHOP (hotel & rest.) alternate titles: waiter/waitress, counter: Serves food or beverages to customers seated at counter: Calls order to kitchen and picks up and serves order when it is ready. Itemizes and totals check for service or totals takeout transaction on cash register and accepts payment. May prepare sandwiches, salads, and other short order items [COOK, SHORT ORDER (hotel & rest.) 313.374-014]. May perform other duties, such as cleaning counters, washing dishes, and selling cigars and cigarettes.
GOE: 09.04.01 STRENGTH: L GED: R2 M2 L2 SVP: 2 DLU: 81.

*U.S. Dep't of Labor, Dictionary of Occupational Titles* (DOT) §§ 317.684-014, 323.687-014, 311.477-014 (4th Ed., Rev.1991), available at http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT03A.HTM.

consists of timed production work, or requires anything more than minimal interaction with coworkers and the public. Thus any conflict, if it exists at all, is merely indirect or implied. Where an indirect or implied conflict exists, an ALJ is entitled to rely upon a VE's knowledge and testimony regarding job requirements provided that the record reflects an adequate basis for that reliance. *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). This is especially the case when the claimant fails to challenge the VE's testimony at the hearing.

> [A]ll kinds of implicit conflicts [between the DOT and the testimony of the VE] are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation. Moreover, claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Carey*, 230 F.3d at 146-47.

In the present case, the VE testified that an individual of Kavanay's age and education and having a residual functional capacity as found by the ALJ could perform the jobs of salad maker, counter attendant, and hotel maid. The ALJ specifically asked whether the VE's testimony was consistent with the DOT, and the VE confirmed that it was. R. 71, [14] at 75. When the ALJ asked Kavanay's counsel whether he wished to question the VE, he stated that he did not. *Id.* The Court concludes that the ALJ did not err in relying upon the VE's testimony and that substantial evidence supports the ALJ's finding that Kavanay could perform these jobs.

The decision of the Commissioner is hereby affirmed. A separate judgment will be entered.

So ordered, this the 8th day of February, 2017.

<u>s/ F. Keith Ball</u><br>
United States Magistrate Judge